(49 App. Div. 99.)

### In re FLANAGAN.

(Supreme Court, Appellate Division, Second Department.   March 27, 1900.)

INTOXICATING LIQUORS—PLACE OF SALE.

An applicant for a liquor-tax certificate gave the place of sale as "front room, ground floor, side or end of building," on a leased lot. The building was a single dwelling house, with a small kitchen addition, consisting of but one room. Liquor-Tax Law, § 17, as amended by Laws 1897, c. 312, requires of applicant a statement of specific location on the premises of the bar or place at which liquors are sold. *Held*, that applicant could not, under such application, continue the business in the kitchen addition, on its removal to another part of the lot.

Appeal from special term, Queens county.

In the matter of the application of Annie Flanagan for an order revoking and canceling a liquor license issued to James Harris. From an order revoking and canceling such license, James Harris appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Frederick L. Gilbert, for appellant.
John B. Merrill, for respondent.

HIRSCHBERG, J.   The application for a liquor-tax certificate was made by James Harris on the 21st day of April, 1899. It purported to be accompanied, as required by section 17 of the liquor-tax law as amended by chapter 312 of the Laws of 1897, by the consents of two-thirds in number of the owners of buildings occupied exclusively for a dwelling within 200 feet, measured in a straight

line, of the nearest entrance. In answer to the question as to what particular place on the premises liquors were to be sold, the applicant answered, "Front room, ground floor, side or end of building." The applicant had leased the property April 20, 1899, and at that time it contained but a single building,—a dwelling house, with a small addition to it, that was occupied as a kitchen. The kitchen addition, consisting of but one room, was thereafter pried away from the building and moved to the rear of the lot; and it is in this room that the applicant claims the right, under his certificate, to carry on traffic in liquors. The applicant stated in his application that attached thereto were the consents required by section 17 of the law. If the application is to be regarded as relating to the dwelling house as leased, this statement was untrue. If it is to be regarded as relating to the section of the dwelling house which has been pried off and removed to the rear of the lot, it may be true. The learned justice at special term decided that the removal of the small addition from the dwelling house to the rear of the lot was an afterthought, and was done to avoid the effect of his inability to secure the necessary consents. In this he was clearly correct. The statute requires (subdivision 3, § 17) a statement of the "specific location on the premises of the bar or place at which liquors are to be sold." The statement by the applicant, in compliance with this requirement, that it was to be in the front room on the ground floor, could not possibly refer to a single and isolated room afterwards pried away from the building, and carried to a remote corner of the lot. The statement of the applicant that he had the necessary consents, and that they were attached to his application, was untrue, and, being material, brings the case within the terms of subdivision 2 of section 28 of the act, pursuant to which this proceeding has been instituted. He was not entitled to the certificate, and the court was justified in ordering its cancellation. The order should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.